# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| TEXAS MEDICAL ASSOCIATION and DR. ADAM CORLEY, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF LABOR, DEPARTMENT OF THE TREASURY, OFFICE OF PERSONNEL MANAGEMENT, and the CURRENT HEADS OF THOSE AGENCIES IN THEIR OFFICIAL CAPACITIES, | ) ) ) Case No.: 6:21-cv-00425-JDK ) ) ) ) ) ) ) |
| *Defendants*. | ) ) |

## DECLARATION OF DR. ADAM CORLEY

I, Dr. Adam Corley, solemnly declare under penalty of perjury and to the best of my knowledge, information, and belief as follows:

1.      I am over eighteen years of age and with capacity, and I provide this declaration based on my personal knowledge.

2.      I am an emergency room physician who resides and practices in Tyler, Texas.

3.      I work through Precision Emergency Physicians, PLLC.

4.      I am reimbursed at an hourly rate for my emergency medical services.

5.      The majority of my patients are insured by commercial plans.  At least some of my patients will receive services covered by the NSA's rules for out-of-network reimbursement, and at least some of the claims for reimbursement resulting from those services will very likely be resolved through the NSA's IDR process.

1

6.      I also own a percentage of Hospitality Health ER, a freestanding emergency department in Tyler, Texas.

7.      Some patients who receive medical treatment at Hospitality Health ER are covered by commercial plans.  At least some of these commercially-insured patients will receive services covered by the NSA's rules for out-of-network reimbursement, and at least some of the claims for reimbursement resulting from those services will very likely be resolved through the NSA's IDR process.

8.      The September IFR imposes a "rebuttable presumption" that the offer closest to the QPA is the appropriate reimbursement amount.  The QPA, however, will often be below fair market value for the services provided.

9.      Requiring IDR entities to presume that the offer closest to the QPA is the appropriate reimbursement amount will result in lower reimbursement rates and, correspondingly, will cause my hourly compensation for out-of-network services to decrease.

10.     The presumption in favor of the QPA will also reduce out-of-network reimbursements paid to Hospitality Health ER.

11.     Accordingly, the September IFR directly harms my financial interests.


Pursuant to the requirements of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: 12/8/2021

_Adam Corley_
F74C78D7EDAE418...

Dr. Adam Corley