# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

TEXAS MEDICAL ASSOCIATION and
DR. ADAM CORLEY,

*Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
DEPARTMENT OF LABOR,
DEPARTMENT OF THE TREASURY,
OFFICE OF PERSONNEL
MANAGEMENT, and the CURRENT
HEADS OF THOSE AGENCIES IN THEIR
OFFICIAL CAPACITIES,

*Defendants*.

Case No.: 6:21-cv-00425-JDK

## SUPPLEMENTAL DECLARATION OF DR. ADAM CORLEY

I, Dr. Adam Corley, solemnly declare under penalty of perjury and to the best of my knowledge, information, and belief as follows:

1. I am over 18 years of age and with capacity, and I provide this declaration based on my personal knowledge.

2. I am an emergency room physician who resides and practices in Tyler, Texas.

3. I work through Precision Emergency Physicians, PLLC ("Precision"), for which I receive hourly reimbursement for providing emergency medical services. I also own a percentage of a freestanding emergency department in Tyler, Texas ("Tyler FSED"), doing business as Hospitality Health ER, and I receive dividends based on profits from the facility.

4. The services furnished out-of-network by myself and the Tyler FSED are defined as "emergency services" under the No Surprises Act ("NSA") and subject to the NSA's balance

1

billing prohibition for patients with health insurance covered by the No Surprises Act, such as Texas patients with coverage through an ERISA plan.

5. On a typical day in which I or the Tyler FSED furnish emergency services, at least some of the patients served are commercially insured, out-of-network patients, and of those patients, some are covered by health plans subject to the NSA's balance billing restriction and IDR process.

6. I expect that open negotiation with insurance companies over out-of-network emergency services provided by myself or the Tyler FSED will not always successfully resolve disagreements over an appropriate reimbursement rate. In these circumstances, Precision and the Tyler FSED will submit claims to the NSA's IDR process. A certified IDR entity will then determine the reimbursement rate, according to processes set forth in the NSA and the Departments' regulations.

7. I also expect that the offers submitted for these out-of-network emergency services will in many cases not be the bid closest to the QPA—this bid will generally be the payor's bid. Indeed, health insurance companies have already indicated they plan to submit bids equal to the QPA. *See, e.g.*, Br. of America's Health Insurance Plans, Doc. 75, at 3 (describing the Departments' "QPA-centric" approach to the IDR process and praising it for making out-of-network rates "more predictable," because "most cases can be resolved by reference to the QPA alone").

8. The bid for a reasonable out-of-network reimbursement rate for emergency services provided by myself or the Tyler FSED will in many cases be above the QPA, among other reasons because the Tyler FSED has attempted to become in-network with multiple ERISA plans, but they have refused to negotiate in good faith, including by refusing to return calls or

emails.  Many of those ERISA plans also have high market shares, especially as compared to the Tyler FSED.  Additionally, in at least some cases, the QPA will not reflect the acuity of the patient who received the emergency services or the complexity of furnishing the emergency services to that patient.  *See also, e.g.*, Comment Letter of National Association of Freestanding Emergency Centers to September 30 IFR, CMS-2021-0156-4990.

9.  The "rebuttable presumption" in favor of the QPA adopted in the September IFR will therefore make it more challenging for Precision's and the Tyler FSED's bids to win, compared to a process in which IDR entities are free to consider all the statutory factors without a presumption that the QPA is an appropriate reimbursement amount.

10.  Requiring IDR entities to presume that the offer closest to the QPA is the appropriate reimbursement amount will thus result in lower reimbursement rates for my services and for the services of the Tyler FSED and, correspondingly, will cause my hourly compensation and the value of my stake in the Tyler FSED to decrease.

11.  The "rebuttable presumption" therefore directly harms my financial interests.

Pursuant to the requirements of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: __1/24/2022__     _____

Dr. Adam Corley

3